IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY ACOSTA,                              CASE NO.: 8:12-cv-01530-EAK-TGW

    Plaintiff,

vs.

UNITED RENTALS (NORTH AMERICA),
INC., a foreign profit corporation,

    Defendant.                                    /

UNITED RENTALS (NORTH AMERICA),
INC., a foreign profit corporation,

    Counter-Plaintiff,

vs.

ANTHONY ACOSTA,

    Counter-Defendant.                            /

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO STRIKE CERTAIN OF DEFENDANT'S AFFIRMATIVE DEFENSES OR FOR MORE DEFINITE STATEMENT**

**COMES NOW** Plaintiff, **ANTHONY ACOSTA**, and moves this Court, pursuant to Federal Rule of Civil Procedure 12, for an Order dismissing Count I of the Counterclaim filed by Defendant, **UNITED RENTALS (NORTH AMERICA), INC.,** a foreign profit corporation, and to enter an Order striking certain of Defendant's Affirmative Defenses and/or for a More Definite Statement. Plaintiff, **ANTHONY ACOSTA**, in support of this Motion, states the following:

**BACKGROUND**

1. On or about December 9, 2012, Plaintiff, Anthony Acosta, in an individual capacity, entered into a rental agreement with Defendant for the rental of a Boom 80 ft IC Articulate 4WD, JLG model 800AJ. A copy of this rental agreement was attached to Defendant's Answer, Affirmative Defenses, and Counterclaim.

2. Plaintiff filed suit in the Circuit Court, Thirteenth Judicial Circuit, for Hillsborough County, Florida against United Rentals, on or about May 29, 2012. Plaintiff filed the current claim against Defendant, United Rentals, alleging negligence as specifically set forth in his Complaint and the resulting personal injuries and damages he sustained as a result of a fall from Defendant's boom lift. As stated in the Complaint, the lift was being operated by Defendant's employee at the time of the incident complained of.

3. The Defendant was served with the Complaint on June 14, 2012.

4. Defendant United Rentals filed its Notice of Removal with this Federal Court on or about July 10, 2012.

5. Defendant filed its Answer and Affirmative Defenses on or about July 13, 2012.

6. Plaintiff, Anthony Acosta, moves this Court to dismiss Count I of the Counterclaim for failure to state a claim. Plaintiff, Anthony Acosta, will address and respond to the remaining allegations of Defendant's Answer by separate pleading.

7. A fair reading of Count I of the Counterclaim indicates that it is a claim for indemnity against the Plaintiff, Anthony Acosta. As pled, Plaintiff was also the lessor of the equipment in question. Plaintiff signed the rental agreement which contains an indemnity clause in Paragraph 3.

8. The Counterclaim seeking indemnity against Plaintiff, Anthony Acosta, fails to

state a cause of action upon which relief could be granted. The agreement itself is vague and ambiguous and does not comport with Florida law as to the minimal allegations required to state a proper claim for contractual indemnity.

9. Further, the indemnity agreement itself is void as against public policy, as it attempts to shield Defendant from its common law duty as set forth in the Complaint that requires it to answer for damages to Plaintiff, Anthony Acosta, caused by the negligence of Defendant. If enforced, it would act as a complete bar to any claims that were properly lodged against Defendant and at the same time, that language falls far short of the minimal requirements to state a cause of action for indemnity.

10. In addition, the indemnity language fails to state clearly that Defendant is entitled to be indemnified for its own negligence and if applied in this case, would circumvent Florida law on comparative fault that has been separately pled as an affirmative defense by Defendant.

11. More specifically, Defendant has alleged comparative fault in its Answer and Affirmative Defenses. That claim alone would be sufficient to instruct the finder of fact to possibly apportion responsibility between Plaintiff and Defendant for any injuries Plaintiff suffered as a result of the use of the equipment in question. The indemnity clause is a shallow attempt to circumvent Florida law on comparative fault and attempts to act as a total bar to Plaintiff who seeks damages for the separate and sole negligence of Defendant.

12. A fair reading of the entire rental agreement suggests that Defendant has attempted, by this illegal, unfair, and voidable rental agreement, not only to limit its liability, but to eviscerate the rights of any person who is injured by using the equipment and becomes injured as a result of Defendant's negligence. As stated, this accident occurred as a result of actions of an employee of Defendant who was present; was in control of the equipment when the incident

happened; and who had directed Plaintiff to participate in an examination of why the equipment was malfunctioning.

13. Clearly, the indemnity portion of the rental agreement, if it is enforceable at all, was drafted to protect the Defendant against claims brought by third persons regarding the equipment use. The agreement itself is vague, ambiguous, is void as against public policy, incorrectly states the law of the State of Florida regarding indemnity, does not clearly state that the Defendant should be indemnified for its own negligence, and if enforced, would work as a total release which again is void as against public policy.

14. Paragraph 5 of the rental agreement, authored by Defendant, requires the customer to assume all risk inherent in the operation, use, and possession of the equipment, again suggesting that indemnity contained in paragraph 3, if proper at all, would be directed at claims filed by third persons and not the Plaintiff himself.

15. Pursuant to local rule 3.01, Plaintiff has conferred with opposing counsel regarding the substance of this motion and was unable to resolve these issues before the filing of this motion.

16. Plaintiff respectfully requests a hearing be held before this Court as to the matters contained herein. Plaintiff anticipates the approximate time needed to conduct this hearing shall not exceed 30 minutes.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Defendant's Counterclaim, Count I, for failure to state a claim upon which relief may be granted

Plaintiff, Anthony Acosta, moves this Court to dismiss the Counterclaim filed against

4

him seeking indemnity based upon the wording of the rental agreement entered into between the Defendant and the Plaintiff. The Counterclaim should be dismissed because it fails to state a claim upon which relief can be granted.

The law applicable to a motion to dismiss a counterclaim is clearly set forth in *Spitalny v. Insurers Unlimited, Inc.,* 2005 WL 1528629 (M.D. Fla. 2005):

> "A motion to dismiss a counterclaim under Fed.R.Civ.P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. *Fabricant v. Sears Roebuck,* 202 F.R.D. 306, 308 (S.D.Fla.2001). In deciding a motion to dismiss, the Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the counter-claimant. *Christopher v. Harbury,* 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir.2003). A counterclaim should not be dismissed unless it appears beyond doubt that the counter-claimant can prove no set of facts that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th Cir.2001) (en banc). To satisfy the pleading requirements of Fed.R.Civ.P. 8, a counterclaim must simply give fair notice of what the counter-claimant's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). However, dismissal is warranted under Fed.R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of the counterclaim, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1009-10 (11th Cir.1992). The Court need not accept unsupported

conclusions of law or of mixed law and fact in a counterclaim. *Marsh,* 268 F.3d at 1036 n. 16."

Paragraph 3 of the indemnity agreement is entitled, "INDEMNITY/HOLD HARMLESS." It suggests that this paragraph is only enforceable if permitted by law and goes on to state that the Defendant would be entitled to indemnity through the Plaintiff purportedly for any claims filed against the Defendant resulting from the use of the equipment in question.

Florida law is clear that indemnity itself is a contract or an agreement by which the promisor agrees to protect the promisee against loss or damages because of liability to a third party. That controlling language is found in virtually every case decided by Florida courts concerning claims for indemnity. In fact, Plaintiff can find no case where a party such as the Defendant herein is seeking to claim indemnity against its partner in a contract where that partner is actually injured.

Indemnity contracts in Florida are subject to the general rules governing the formation, validity, and construction of all contracts. *See, O'Connell v. Walt Disney World Company*, 413 So.2d 444 (Fla. 5th DCA 1980).

Florida courts in construing indemnity clauses have consistently and historically construed those contracts in the context wherein third persons become injured as a result of someone else's negligence who, in turn, executed a contract purporting to allow indemnity between the contracting parties. In this case, the indemnification language contained within paragraph 3 of the rental agreement does not clearly delineate or indicate that indemnity would be granted to the Defendant if the ultimate user of the equipment, herein Plaintiff, Anthony Acosta, became injured due to the negligence of the Defendant. In short, the Plaintiff is being asked to indemnity United for his own injuries which is tantamount to giving Acosta no right at

all to sue for negligence for injuries he sustained using the equipment. Although we can find no case specifically dealing with this factual situation, such an agreement is clearly against public policy and would act as a bar to Acosta in seeking damages from United.

Florida courts frown upon contracts which attempt to indemnify a party against his own wrongful conduct. *See, Cox Cable Corporation v. Gulf Power Company*, 591 So.2d 627 (Fla. 1992); *Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Company*, 374 So.2d 487 (Fla. 1979). In fact, the cases in Florida supporting this legal principle are numerous.

In reviewing the rental agreement in question, the language does not clearly serve to indemnify United for its own negligence, but suggests, to the contrary, that it would only be indemnified except for loss, damage, or liability caused by the sole negligence of United in furtherance of, but not in limitation of, the indemnity provisions of this agreement. That language not only is confusing, but smacks of pleading comparative fault in Florida which Defendant did plead in its Answer as a separate Affirmative Defense. To wit, the indemnity agreement requires the "customer" to indemnify United regardless of any statutory or constitutional limitation of liability, as well as "any immunity that customer enjoys from suites by its own <u>employees</u>." This confusing language further indicates that this paragraph was drafted specifically to address third party indemnification claims only. It was not to be invoked against a person or entity such as the Plaintiff.

What is presented here to this Court for consideration is a one-sided agreement that seeks to not only limit, but eliminate, United's responsibility to the ultimate user of its equipment for the specific acts of negligence stated in the Complaint filed herein. Those acts of negligence are grounded in federal and state law; numerous safety standards promulgated by both the federal government and the State of Florida; common law negligence; and, in fact, directly arise from

negligence of Defendant's employee who as alleged was on the scene and controlling the activities which ultimately injured Plaintiff Anthony Acosta. The language of the rental agreement is so vague and ambiguous that such a set of facts was never contemplated to be controlled by the language of the rental agreement.

The Supreme Court of the State of Florida in *Cox Cable Corporation v. Gulf Power Company*, 591 So.2d 627 (Fla. 1992), gives some direction as to the construction and interpretation of indemnity agreements. In *Cox*, the relevant language of the indemnity provision was similar to that language cited by the Supreme Court in *Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Company*, 374 So.2d 487 (Fla. 1979). The controlling language in the indemnity provision in *Poe* stated that the lessee assumed all responsibility for claims asserted by any third person whatever growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the company harmless from all such claims. In *Cox*, similar language controlled, but as the Supreme Court correctly stated, there were claims that both parties to the indemnity agreement in *Cox* were negligent, which caused the Court to invalidate the indemnity provision. The Court held that the indemnity provision was too general to disclose the specific attention to provide indemnification for cases in which parties were jointly liable. That is analogous to the situation herein where the indemnity agreement purports to grant partial indemnity to United only for the portion of Acosta's injuries that were not caused by United's own negligence; hence, another way of stating comparative fault. The language herein is utterly and totally insufficient to grant indemnity to United.

Finally, the language of the indemnity clause is confusing and ambiguous. As such, the language of the indemnity paragraph is not written in a manner that would alert a person such as Plaintiff Anthony Acosta to the fact that he was contracting away his right to recover damages

caused by the negligence of the Defendant. More specifically, the indemnity clause of this agreement would not alert a reasonable person, such as the Plaintiff, that they were surrendering their right to recover under Florida law addressing comparative fault, should they be injured by the negligent acts of the Defendant's employee. The Defendant should not be allowed to assert the "boiler-plate" indemnity provision of the rental agreement applies to the Plaintiff, when the intent of the provision was to provide indemnification for claims made by third parties against United Rentals.

II.     **Motion to strike certain of Defendant's affirmative defenses and/or for more definite statement**

An Affirmative Defense is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability. See, St. Paul Mercury Insurance Company v. Coucher, 837 So.2d 483, 487 (Fla. 5th DCA 2002).

Federal Rule of Civil Procedure 12 (e) Motion for more definite statement allows "a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Under Federal Rule of Civil Procedure 12 (f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may do so on its own or on a motion by a party before responding to the pleading.

As to those affirmative defenses addressing the fault of a non-party; submission to a jury of issues of liability of nonparties is error when the nonparties have not been specifically named when asserting the affirmative defenses, and the pleadings were not amended. Loureiro v. Pools

...

by Greg, Inc, 698 So2d 1262 (4th DCA 1997). *See also*, Thomas v. Daniel, 736 So.2d 100 (1st DCA 1999), (a Fabre affirmative defense must specifically identify the non-party's fault in causing the accident).

Plaintiff moves to strike Defendant's Second Affirmative Defense. Defendant states in this Affirmative Defense that at the time and place of the accident complained of herein, at the time the lift was delivered, Plaintiff was instructed on the proper operation of the lift and was warned of the need for fall protection which, had it been utilized, would have prevented or substantially reduced the injuries complained of and, as a result of Plaintiff to utilize said fall protection, Plaintiff's damages, if any, should be denied or reduced accordingly. Plaintiff moves this Court to strike Defendant's Second Affirmative Defense, as this is a reiteration of Defendant's First Affirmative Defense which sets forth comparative negligence.

Defendant's Sixth Affirmative Defense sets forth the charges submitted by Plaintiff or on his behalf exceed the usual, customary, and reasonable amounts for services rendered in this geographic area. Plaintiff moves this Court for a more definite statement as to Defendant's Sixth Affirmative Defense. Specifically, Plaintiff requests this Court order Defendant to set forth which charges exceed the usual, customary, and reasonable amount for services rendered in this geographic area, as well as to what extent they do so.  Without further clarification, Plaintiff is unable to respond to this defense.

Plaintiff moves this Honorable Court to strike Defendant's Seventh Affirmative Defense which states Plaintiff is entitled to free and/or low cost medical care and services, and that Defendant is entitled to set off the value of said medical care and services in the event any liability is determined against this Defendant.  Plaintiff moves this Court to strike this Affirmative Defense.  Plaintiff is unable to respond to this defense as stated.   In the alternative

the Plaintiff requests the Defendant supply a more definite statement setting forth the factual basis supporting this defense.

Defendant's Eighth Affirmative Defense reads as follows: "Plaintiff, at the time of the alleged incident, was participating in an activity in which he knew or should have known involved a risk of harm and having assumed the risk of participation, assumed the risk of any resulting injuries." Plaintiff moves this Court to strike Defendant's Eighth Affirmative Defense as assumption of the risk is not a defense in negligence actions under Florida law. Assumption of risk has merged with comparative fault. Therefore, Defendant's Eighth Affirmative Defense must be struck as a matter of law.

Defendant's Ninth Affirmative Defense is a reiteration of Defendant's Second Affirmative Defense and states that at the time and place, and under the circumstances of the accident alleged in Plaintiff's Complaint, Plaintiff was instructed on the proper operation of the lift and was warned of the need for fall protection which, had it been utilized, would have prevented or substantially reduced the injuries complained of. Plaintiff knew of the existence of the danger complained of in his Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonably opportunity to avoid it, voluntarily exposed himself to the danger. Plaintiff moves this Honorable Court to strike Defendant's Ninth Affirmative Defense, as this is a reiteration of Defendant's Second Affirmative Defense, as well as the previously pled principles of comparative fault.

Plaintiff moves this Honorable Court to enter an Order directing Defendant to file a more definite statement as to the Tenth Affirmative Defense. Specifically, Plaintiff requests a more definite statement as to what pre-existing disease process caused or contributed to Plaintiff's injuries and damages contained in Plaintiff's Complaint.

Plaintiff moves this Honorable Court to enter an Order as to Defendant's Eleventh Affirmative Defense, stating more definitively how Plaintiff misused and abused the subject lift causing the accident which forms the basis of Plaintiff's Complaint. Defendant should be able to provide the specific facts that support this defense given United Rentals took possession and control of the lift after the incident.

Plaintiff also moves this Court to enter an Order requiring Defendant to file a more definite statement as to Defendant's Twelfth and Thirteenth Affirmative Defenses. Plaintiff asks this Court to order Defendant to file a more definite statement setting forth the unforseeable, superseding, and/or intervening act(s) to which Defendant had no control was liable for Plaintiff's injuries. As to Defendant's Thirteenth Affirmative Defense, Plaintiff requests a more definite statement as to any alteration or modification of the lift made by Plaintiff that is responsible for Plaintiff's damages. Given that Defendant was present for an inspection performed on the lift following this incident and took possession and control of the lift, United Rentals should be in a position to provide this information.

In Defendant's Fourteenth Affirmative Defense, Defendant states that it was not guilty of any negligence and did not breach any legal duty to Plaintiff, the alleged incident occurred through the negligent acts or omissions of Plaintiff as renter of the equipment. To the extent that any apportionment of any liability or damages is necessary, however, Defendant affirmatively alleges the provisions of *Fabre v. Martin* and Fla. Stat. § 768.81 and the interpreting case law. Plaintiff moves this Court for an Order striking Defendant's Fourteenth Affirmative Defense setting forth a *Fabre* defendant. Plaintiff, Anthony Acosta**,** is the sole lessee of the boom lift referenced in Plaintiff's Complaint. Defendant has failed to specifically identify the *Fabre* defendant who may share in the liability in this case. Moreover, the only other individual present

and operating the lift at the time of Plaintiff's fall was a United Rentals employee. Defendant has already pled comparative fault as an affirmative defense.

Plaintiff moves this Honorable Court for a more definite statement from Defendant as to Defendant's Fifteenth Affirmative Defense. Defendant's Fifteenth Affirmative Defense reads that at the time and place complained of, persons or entities other than Defendant were negligent or were the legal cause of or contributed to the incident complained of, including, but not limited to, Plaintiff's employer, and to the extent of such negligence, Plaintiff is barred and estopped from any recovery in this cause against this Defendant or, in the alternative, any recovery had must be reduced in accordance with the principles of comparative negligence and attributable to this *Fabre* defendant. Plaintiff moves for a more definite statement of this affirmative defense and requests the Defendant identify the persons or entities other than Defendant that were negligent or were the legal cause of or contributed to this incident complained of.

**WHEREFORE**, Plaintiff **ANTHONY ACOSTA** requests this Court enter an Order dismissing Count I of Defendant **UNITED RENTALS (NORTH AMERICA)** Inc.'s Counterclaim in its entirety for a failure to state a claim upon which relief can be granted and to strike certain of Defendant's Affirmative Defenses or in the alternative for a more definite statement.

                                                **BARNES & COHEN, P.A.**

                    By:  /s/ Eric R. Andeer
                         **GLENN E. COHEN, ESQ.**
                         Florida Bar No. 0187695
                         **ERIC R. ANDEER, ESQ.**
                         Florida Bar No.: 0088531
                         2747 Art Museum Drive, Suite 500
                         Jacksonville, FL 32207

>Telephone: 904.396.5181
>Telefax: 904.396.9008
>**ATTORNEYS FOR PLAINTIFF/**
>**COUNTER-DEFENDANT**

### CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a true copy of Plaintiff's Motion to Dismiss Count I of Defendant's Counterclaim, was filed via the CM/ECF system for the United States District Court, Middle District of Florida, Tampa Division, thereby automatically sending electronic copies to Lewis F. Collins, Jr., Esquire, and Pamela J. Hennig, Esquire, Butler, Pappas, Weihmuller, Katz, Craig, LLP, 777 S. Harbour Island Blvd., Suite 500, Tampa, Florida 33602, this on July 27, 2012.